**UNITED STATES of America,**
**Appellee,**

v.

**Aaron J. THORPE, Appellant.**

**No. 04–3025.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 17, 2004.

Suzanne Grealy Curt, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, Thomas J. Tourish, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Diane S. Lepley, Barber & Lepley, Washington, DC, for Defendant–Appellant.

Before EDWARDS, HENDERSON, and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by counsel. It is

ORDERED AND ADJUDGED that the judgment of the District Court appealed from in this case is hereby affirmed.

Appellant pled guilty, pursuant to a plea agreement, to unlawful possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (2002). At the sentencing hearing, appellant requested, and the District Court denied, a downward departure pursuant to § 5K2.13 of the United States Sentencing Guidelines, which permits sentence reductions for "significantly reduced mental capacity." U.S.S.G. § 5K2.13 (2002). We find no basis for overturning the court's refusal to grant the downward departure, because the District Court did not err in concluding that "the defendant's criminal record ... indicate[d] a need for imprisonment to protect public safety." *United States v. Leandre,* 132 F.3d 796, 800 (D.C.Cir.1998). *See also United States v. Greenfield,* 244 F.3d 158, 161 (D.C.Cir.2001) (affirming the district court's denial of a downward departure request where the district court "heard extensive testimony regarding defendant's individual facts and circumstances, and personally examined the expert witness").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.